CIARA JAMES
35 Parris Island Gateway
# 267
Beaufort, South Carolina 29906
843-597-9225

| | |
|---|---|
| CIARA JAMES | IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT COURT OF SOUTH CAROLINA |
| Plaintiff, | Docket No. 9:24-cv-4950-DCN-MGB |
| v. | CIVIL ACTION |
| GULLAH FARMERS COOPERATIVE ASSOCIATION, INC YORK GLOVER (IN HIS INDIVIDUAL AND OFFICIAL CAPACITY) | COMPLAINT<br><br>DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CIARA JAMES, in pro se, brings this action against Defendants GULLAH FARMERS COOPERATIVE ASSOCIATION, INCORPORATION and YORK GLOVER, and states as follows:

### PRELIMINARY STATEMENT

### PARTIES

1.  Plaintiff, Ciara James, (hereinafter, "Plaintiff") is a female adult who is a resident of Beaufort, State of South Carolina.

2.  Plaintiff was employed by GULLAH FARMERS COOPERATIVE ASSOCIATION from June 13, 2022 until on or about April 18, 2024.

3.  Defendant, GULLAH FARMERS COOPERATIVE ASSOCIATION, INCORPORATION (hereinafter, "GFCA") is a nonprofit organization organized under the laws of the State of South Carolina and has its principal residence in Post Office 142, Saint Helena Island, South Carolina 29920.

4.  Defendant, York Glover, (hereinafter, "Glover") is a man employed at GFCA, serves the Board of GFCA, and resides in the State of South Carolina.

## JURISDICTION

5.  This action is brought pursuant to federal statutory law, therefore jurisdiction is proper pursuant to 28 U.S.C. §1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

6.  This action is brought pursuant to federal statutory law, therefore jurisdiction is proper pursuant to 28 U.S.C. §1343(a)(1), which provides that, "[t]he district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person to recover damages for injury to his person or property."

7.  This action is brought pursuant to federal statutory law, therefore jurisdiction is proper pursuant to 28 U.S.C. §1343(a)(4), which provides that, "[t]he district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person to recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote."

8. This action is brought pursuant to federal statutory law, therefore jurisdiction is proper pursuant to 28 U.S.C. §1367(a), which provides that "[i]n any civil action of which the district courts have original jurisdiction over all other claims that are so related to claims in the action within such original original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplement jurisdiction shall include claims that involve the joinder or intervention of additional parties."

9. This action is brought pursuant to federal statutory law, therefore jurisdiction is properly laid in the United States District Court for the District of South Carolina pursuant to 28 U.S.C. §1391.

10. The causes of action alleged herein arises from factual allegations occurring in the judicial district.

11. On information and belief, it is alleged that each of the name Defendants reside in South Carolina.

## FACTUAL BACKGROUND

12. On June 13, 2022, Plaintiff was offered a position by Joseph McDomick, the President of GFCA as a Business and Operations Manager for a full-time salaried position for approximately 40 hours a week, Monday through Friday, 0830hrs to 1630hrs.

13. Plaintiff was offered a yearly salary of $40,000 plus 20 days per year of Paid Time Off (PTO), in which 11.2 days of PTO was given for the year 2022.

14. On July 13, 2023, Plaintiff was offered a $5,000 raise to her salary. Previously, Plaintiff complained to Defendants GFCA and Glover about the gender discriminatory practices with her salary and the person she trained. There was no reported reason indicated on the change of salary.

Plaintiff claims the raise was given to silence her in the gender discrimination claims. (Exhibit AA)

15. Defendant York Glover, apologize for his derogatory remarks by text messages after disclosing Plaintiff was pregnant. Joseph McDomick, scolded Plaintiff by stating, "This is really going to hurt us financially," "You're going to slow us down because of this," and "well, you're handicap right now. So it's going to take much longer. 'They" don't have that problem." (Exhibit BB)

16. On October 20, 2023, Plaintiff left for maternity leave and was paid half pay for 10 weeks starting October 23, 2023 to December 31, 2023. In early January, Plaintiff was asked by York Glover to come back to return to work in place of a temporary employee. Plaintiff agreed with the condition of being paid her full salary. On January 23, 2024, Plaintiff was invited to attend a zoom meeting. (Exhibit CC)

17. On January 30, 2024 at 11:59am, Plaintiff received an email by Walter Mack asking for a week in advance for her work return date. (Exhibit DD)

18. On January 30, 2024 at 7:30pm, York Glover, replied to Walter Mack's email stating that Plaintiff had already been in contact with the Defendant. (Exhibit EE)

19. On February 4, 2024, Plaintiff sent an email to employees of GFCA, York Glover, Walter Mack and Joe McDomick, asking for work accommodation pursuant to Gullah Farmer's Cooperative Personnel Handbook. Her requests was ignored. (Exhibit FF)

20. Plaintiff worked from January 29, 2024 to February 20, 2024. Plaintiff never received her salary.

21. On February 28, 2024, Joseph McDomick, sent correspondence by mail stating that GFCA never received notice of Plaintiff's reinstatement. Said correspondence requested Plaintiff to return

GFCA's equipment by March 4, 2024. (Exhibit GG)

22. On March 4, 2024, Plaintiff sent an email to York Glover with the initial request for payment for work. Plaintiff never received a response. (Exhibit HH)

23. On March 18, 2024, Plaintiff demanded payment for services rendered along expenses incurred for returning equipment per request pursuant to Gullah Farmer's Cooperative Personnel Handbook section 4.3 and South Carolina Code of Laws, Section 41-10-40. (Exhibit II)

24. April 18, 2024, the Defendants sent the Plaintiff an offer to compensate Plaintiff for 122 hours work, a $200 Healthcare stipend, and officially fired the Plaintiff. (Exhibit JJ)

25. Plaintiff did not accept Defendant's offer and requested the entire amount that was due.

26. On May 10, 2024, an unannounced wire transfer of $333.44 was deposited into the Plaintiff's account without any explanation or documentation.

27. On May 13, 2024, an unannounced wire transfer of $2,215.64 was deposited into the Plaintiff's account without any explanation. Plaintiff returned the monies to the Defendants asking for the nature and cause for the transfer. An agreement was not met between Plaintiff and Defendants. (Exhibit KK)

28. In total, Plaintiff worked from January 29, 2024 to April 18, 2024. Plaintiff never received her full salary and benefits.

29. GFCA have never provided nor notified Plaintiff with an updated version of the GFCA Personal Handbook, if any was available.

30. Countless attempts have been made by the Plaintiff to mitigate issues within the company. Most of the communications have been ignored or disregarded.

## ALLEGATIONS

31. At all times hereinafter mentioned, Defendants have been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

32. At all times relevant to this action, the GFCA Personal Handbook has been in full force and effect and has been applied to Defendant's conduct.

33. Plaintiff accuses GFCA for breach of contract and willful and wrongfully withheld the Plaintiff's wages and not issuing a paycheck statement including deductions, thus violating federal and state law.

34. Plaintiff accuses Glover for willful mistreatment against Plaintiff by refusing to respond to all complaints and neglecting his supervisory duties.

35. Plaintiff accuses GFCA of wrongful gender discrimination by paying another employee a higher rate of pay.

36. Plaintiff accuses Glover for wrongful sex and gender discrimination by using verbal slurs and negative stereotypes that showed hostility towards the Plaintiff. Glover interfered with the Plaintiff's work performance through explicit verbal sexual harassment which cause the Plaintiff mental and emotional distress and pain and suffering.

**CAUSE OF ACTION**
**COUNT I - FIRST CLAIM FOR RELIEF**
**BREACH OF CONTRACT**
*(Plantiff v. GFCA)*

37. Plaintiff repeats and re-alleges the allegations set forth in the paragraphs above as if fully set forth herein.

38. As set forth in details above, Joseph McDomick, President of GFCA, entered into a valid and enforceable Employer/Employee Agreement with the Plaintiff. *See* **Exhibit "LL"** hereto.

39.  At all times relevant to this action, the GFCA Personal Handbook has been in full force and effect and has been applied to Defendant's conduct.

40.  At all times relevant to this action, the Fair Standard Labor Act has been in full force and effect and has been applied to Defendant's conduct.

41.  GFCA has breached Section 1.1 (Philosophy) in the GFCA Personal Handbook. GFCA did not foster a respectful environment that honors its employees and cultivates talent, leadership, and professional development.

42.  Glover has breached Section 3.3 (Anti-Harassment) in the GFCA Personal Handbook. Glover has harassed the Plaintiff on numerous occasions on account of her gender and disability (pregnancy).

43.  GFCA and Glover has breached Section 3.9 (Grievance Policy) in the GFCA Personal Handbook. Neither GFCA nor Glover has answered Plaintiff's written complaint within the required time frame.

44.  GFCA has breached Section 4.3 (Pay period) in the GFCA Personal Handbook. GFCA did not distribute paychecks every two weeks as required. 11 weeks have lapsed before any attempted from GFCA to forward any monies to the Plaintiff.

45.  As set out above, absent compensatory and declaratory relief, there is a clear risk that Defendants' action will continue to recur with Plaintiff and/or other persons.

46.  Plaintiff, including but not limited to common law remedies, is therefore entitled to compensatory and declaratory relief for mental and emotional distress, pain and suffering, loss wages, and an award of legal fees, costs, and disbursements.

## COUNT II - SECOND CLAIM FOR RELIEF
## VIOLATION OF SOUTH CAROLINA PAYMENT OF WAGES ACT

*(Plaintiff v. GFCA)*

47. Plaintiff repeats and re-alleges the allegations set forth in the paragraphs above as if fully set forth herein.

48. At all times relevant to this action, the GFCA Personal Handbook has been in full force and effect and has been applied to Defendants' conduct.

49. At all times relevant to this action, the Fair Standard Labor Act has been in full force and effect and has been applied to Defendants' conduct.

50. At all times relevant to this action, the South Carolina Payment of Wages Act has been in full force and effect and has been applied to Defendant's conduct.

51. The Defendants wrongfully withheld the Plaintiff's wages and the Defendants should be required to pay the Plaintiff for all wages owed to her, plus interest.

52. South Carolina Payment of Wages Act, South Carolina Code of Laws Section 41-10-30(C) provides that GFCA shall furnish the Plaintiff with an itemized statement showing her gross pay and the deductions made from her wages for each pay period. GFCA violated said law and did not provide the Plaintiff with the itemized statement.

53. South Carolina Payment of Wages Act, South Carolina Code of Laws Section 41-10-40(B) provides that GFCA shall deposit the Plaintiff's wages at a financial institution and must furnish a statement of earnings and withholdings. GFCA failed to do so.

54. South Carolina Payment of Wages Act, South Carolina Code of Laws Section 41-10-40(C) provides that GFCA shall not withhold or divert any portion of the Plaintiff's wages unless GFCA is required or permitted to do so by state or federal law or GFCA has given written notification to the Plaintiff of the amount and terms of the deductions as required by subsection (A) of Section 41-10-30. The Plaintiff have received no written notification nor was GFCA permitted nor

required to do so by state or federal law.

55. South Carolina Payment of Wages Act, South Carolina Code of Laws Section 41-10-40(C) provides that GFCA in the State of South Carolina shall pay all wages due at the time and place designated as required by subsection (A) of Section 41-10-30. GFCA failed to do as required.

56. South Carolina Payment of Wages Act, South Carolina Code of Laws Section 41-10-50(C) provides that when GFCA separates the Plaintiff from the payroll for any reason, GFCA shall pay all wages due to the Plaintiff within forty-eight hours of the time of separation or the next regular payday which may not exceed thirty days. GFCA failed to do so.

57. The Plaintiff, including but not limited to common law remedies, is therefore entitled to compensatory and declaratory relief for mental and emotional distress, pain and suffering, loss wages, and an award of damages against the Defendants in an amount to be determined by the trier of fact, also because the damages relate to wages owed to her, the Plaintiff is entitled to treble damages pursuant to the South Carolina Payment of Wages Act, South Carolina Code of Laws Sec. 41-10-80, 1976, as amended, plus attorney fees and costs.

## COUNT III - THIRD CLAIM FOR RELIEF
## VIOLATION OF FAIR LABOR STANDARDS ACT
### *(Plaintiff v. GFCA/GLOVER)*

58. Plaintiff repeats and re-alleges the allegations set forth in the paragraphs above as if fully set forth herein.

59. At all times relevant to this action, the Fair Standard Labor Act has been in full force and effect and has been applied to Defendant's conduct.

60. 29 U.S.C. § 206(d)(1) provides that no employer shall discriminate within any establishment in which such employees are employed, between employees on the basis of sex by

paying wages to employees in such establishment at a rate less than the rate at which he pay wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility and which are performed under similar conditions. YORK has discriminated against the Plaintiff by paying an employee more than the Plaintiff.

61.  29 U.S.C. § 206(a) provides GFCA shall pay to each of his employees, who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages not less than federal required minimum. The Plaintiff was working for the Defendants and was not paid and not paid for Paid Time Off (PTO). The GFCA have failed and continue to fail to pay the wages owed to the Plaintiff in violation of the Fair Labor Standards Act of 1938 (FLSA).

62.  29 U.S.C. § 206(d)(1) provides no employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions YORK is in violation of this provision.

63.  29 U.S.C. § 206(d)(3) provides for purposes of administration and enforcement, any amounts owing to any employee which have been withheld in violation of this subsection shall be deemed to be unpaid minimum wages or unpaid overtime compensation under this chapter.

64.  The Plaintiff is informed and believes that the Defendants were unjustly enriched in maintaining wages which rightfully belongs to the Plaintiff pursuant to the FLSA.

65. As a direct and proximate results of the acts, omissions, and practices of the Defendants, the Plaintiff sustained a loss of income and wages.

66. The Plaintiff was also terminated in retaliation for complaining about not getting paid her wages, in violation of the anti-retaliation provisions in the FLSA.

67. 29 U.S.C. §216(b) provides that as a direct and proximate result of the acts and practices of the Defendants, the Plaintiff is entitled to an award of equal amount of liquidated damages, lost wages, PTO, liquidated damages, prejudgment interests, costs, legal fees, and any other damages to which she may be entitled as determined by the trier of fact.

### COUNT IV - FOURTH CLAIM FOR RELIEF
### CONVERSION
### *(Plaintiff v. GFCA)*

68. The Plaintiff re-alleges and incorporates by reference the allegations contained herein above as if fully set forth herein.

69. The Defendants committed conversion against the Plaintiff in the following particulars to wit:

a. In wrongfully withholding the Plaintiff's money from her possession;

b. In withholding the Plaintiff's money with the intent to permanently deprive and defraud the Plaintiff of the use and benefit of the money; and

c. In withholding the Plaintiff's property with the intent to permanently appropriate the property for the use of the Defendants or any other person other than the Plaintiff.

70. The Defendants also committed conversion against the Plaintiff by not surrendering the money upon her request for wages owed to her.

71. The Defendants converted said funds to their own use.

72. The Defendants' actions were without right or justification and constituted the conversion of the Plaintiff's property.

73. The Defendants acted maliciously and in bad faith in that they knowingly converted the Plaintiff's funds when in the exercise of reasonable care they should have known their actions were wrongful.

74. That as a direct and proximate result the Plaintiff has suffered loss of income and has been otherwise injured and damaged in such amount and jury may determine.

### COUNT VI - FIFTH CLAIM FOR RELIEF
### UNJUST ENRICHMENT
*(Plaintiff v. GFCA)*

75. The Plaintiff re-alleges and reiterates the preceding paragraphs as if full set forth herein verbatim.

76. Based on the agreement between the Plaintiff and the Defendants, the Plaintiff perform services for the Defendants in exchange for a sum of wages, plus benefits pursuant to the agreement. The Defendants have failed and continue to fail to pay the monies owed to the Plaintiff as agreed.

77. The Defendants were unjustly enriched in maintaining wages which rightfully belong to the Plaintiff.

78. As a result of the Defendants' unjustly enrichment, the Plaintiff is entitled to an award of damages against the Defendants in an amount to be determined by the trier of fact.

79. That as a direct and proximate result of said conduct on the part of the Defendants, its agents and servants, the Plaintiff has been damaged as aforesaid, both actual and punitive, in such amount as a judge and jury may award.

## REQUEST FOR RELIEF

Plaintiff alleges and re-alleges each and every allegation as if fully set forth herein.

Due to the acts of the Defendants, Plaintiff suffered great emotional and mental distress, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay, and other work benefits.

That by reason of such wrongful acts of the Defendants, the Plaintiff has been damages in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief;

1. Judgment in favor of the Plaintiff and against Defendants for all causes of action in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorneys fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against the Defendants with back pay and associated benefits she would have earned with all lost or diminished benefits such date to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against the Defendants for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

5. Judgment in favor of the Plaintiff and against the Defendants in such an amount for punitive, mental anguish, embarrassment, humiliation, shock, medical bills, and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment against the Defendants, in such amount of actual damages, punitive damages, attorney fees, cost of this action, and any other relief this Honorable Court deems allowable under law, and just and proper.

Respectfully submitted,

_____
CIARA JAMES
35 Parris Island Gateway
#267
Beaufort, South Carolina 29906
843-597-9225

I. The Parties to This Complaint

   A. The Plaintiff(s)

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   Name: Ciara James
   Street Address: 35 Parris Island Gateway #267
   City and County: Beaufort, Beaufort County
   State and Zip Code: South Carolina, 29906
   Telephone Number: 843-597-9225

   B. The Defendant(s)

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

   Defendant No. 1    See PARTIES pg 2.
   Name: Gullah Farmers Cooperative Association
   Job or Title (if known): Nonprofit organization
   Street Address:
   City and County:
   State and Zip Code:
   Telephone Number:

   Defendant No. 2                    See PARTIES pg. 2.
   Name: York Glover
   Job or Title (if known):
   Street Address:
   City and County:
   State and Zip Code:
   Telephone Number:

   Defendant No. 3
   Name:

2

|   |   |
|---|---|
| Job or Title (if known) | _____ |
| Street Address | _____ |
| City and County | _____ |
| State and Zip Code | _____ |
| Telephone Number | _____ |

Defendant No. 4

|   |   |
|---|---|
| Name | _____ |
| Job or Title (if known) | _____ |
| Street Address | _____ |
| City and County | _____ |
| State and Zip Code | _____ |
| Telephone Number | _____ |

**II.    Basis for Jurisdiction**

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question            ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

**A.    If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

_____See attachment_____

_____

3

B. **If the Basis for Jurisdiction Is Diversity of Citizenship**

1. The Plaintiff(s)

   a. If the plaintiff is an individual

      The plaintiff, *(name)* Ciara James, is a citizen of the State of *(name)* South Carolina.

   b. If the plaintiff is a corporation

      The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual

      The defendant, *(name)* York Glover, is a citizen of the State of *(name)* South Carolina. *Or* is a citizen of *(foreign nation)* _____.

   b. If the defendant is a corporation

      The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____. *Or* is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

   *(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

4

B.  **If the Basis for Jurisdiction Is Diversity of Citizenship**

    1.  The Plaintiff(s)

        a.  If the plaintiff is an individual

            The plaintiff, *(name)* Ciara James, is a citizen of the State of *(name)* South Carolina.

        b.  If the plaintiff is a corporation

            The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

    2.  The Defendant(s)

        a.  If the defendant is an individual

            The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. *Or* is a citizen of *(foreign nation)* _____.

        b.  If the defendant is a corporation

            The defendant, *(name)* Gullah Farmers Cooperative Association, is incorporated under the laws of the State of *(name)* South Carolina, and has its principal place of business in the State of *(name)* South Carolina. *Or* is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

4

3. The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

_____
_____
_____

### III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

See attachment

### IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

See attachment

V.  **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A.  **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 09 | 11 , 2024

Signature of Plaintiff    _Ciara James_
Printed Name of Plaintiff    Ciara James

B.  **For Attorneys**

Date of signing: _____, 20__.

Signature of Attorney    _____
Printed Name of Attorney    _____
Bar Number    _____
Name of Law Firm    _____
Address    _____
Telephone Number    _____
E-mail Address    _____

6